IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| KURT HAEKER,<br><br>            Plaintiff,<br><br>vs.<br><br>MIKE LINDER, Yellowstone County Sheriff,<br><br>            Defendant. | CV 16-26-BLG-SPW-CSO<br><br>FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

Plaintiff Kurt Haeker ("Haeker"), appearing *pro se*, is suing Defendant Mike Linder ("Linder") in his capacity as Sheriff of Yellowstone County, Montana, an action brought under 42 U.S.C. § 1983.  Haeker claims Linder violated his Second Amendment right to bear arms by revoking his permit to carry concealed weapons after the filing of a temporary restraining order against him.  *Cmplt. (ECF No. 1) at ¶ 14.*  He also claims that revocation of his concealed carry permit violated his Fourteenth Amendment right to equal protection.  *Id. at ¶*

11.

Now pending is Linder's motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim upon which relief can be granted. *Mtn. to Dismiss (ECF No. 6)*. Linder filed the motion on April 13, 2016. *Id*. For the reasons that follow, the Court recommends that the motion be granted.

I. **Background**

Haeker's complaint alleges as follows:

On March 15, 2016, Janice Smith ("Smith") filed a protection order against Haeker in Billings Municipal Court, Billings, Montana. *ECF No. 1 at ¶ 6*. On March 20, 2016, Haeker was served with notice that Linder revoked Haeker's concealed carry permit. *Id. at ¶ 7*. Revocation of the concealed carry permit was based upon the protection order and occurred before a hearing on that order scheduled for March 29, 2016, thus depriving Haeker of the opportunity to contest the allegations leading to issuance of the protection order in violation of Haeker's due process rights. *Id*.

Haeker is a landlord in South Billings. He has a 12-year-old son

who helps with maintenance. His current tenants include a convicted murderer, a convicted sex offender, and an individual with a conviction for assault on a police officer. He also has had numerous felons rent apartments from him in the past and has had to evict a convicted felon. He occasionally has disputes with tenants, and carrying a concealed weapon is a comfort to him. Also, his partner has made repeated threats to kill him. *Id.* at ¶ 8.

Haeker has passed numerous background checks, has had neither a felony nor a misdemeanor conviction in 28 years, and has no criminal history involving violence. He also has no civil judgments against him. And he does not drink alcohol or use any illegal drug. His credit score is greater than 750, has had only one marriage in 21 years, holds a degree in biology, and has a Montana Brokers License. He is an Eagle Scout, owns assets in excess of one million dollars, has employed more than 100 people, and has a successful business. *Id.* at ¶ 9.

## II. <u>Linder's Argument</u>

Linder argues that Haeker has failed to state a claim upon which relief can be granted for two principal reasons. First, he argues, the

Second Amendment does not guarantee an unlimited right to bear arms. *Linder's Br. (ECF No. 7) at 3*. He argues that the U.S. Supreme Court has noted that the majority of courts that have considered the question have concluded that "prohibitions on carrying concealed weapons were lawful under the Second Amendment or state analogues." *Id*. (*quoting District of Columbia v. Heller*, 554 U.S. 570, 626 (2008)). Thus, "[i]f an absolute ban on the concealed carrying of weapons does not implicate the Second Amendment, then the issue of the revocation of a permit allowing concealed carry will not implicate it either." *Id*.

Second, Linder argues that Haeker's Second Amendment right is not violated by revocation of his concealed carry permit because state law allows a person to carry r their weapon openly and notoriously. *Id*. Thus, Linder argues, Haeker retains the right to carry his weapon in the open in public and thus has the right to own and bear arms. *Id*. Accordingly, there is no violation of his Second Amendment rights, and he has failed to state a claim on which relief can be granted. *Id*.

### III. <u>Discussion</u>

As noted, Linder filed his motion to dismiss on April 13, 2016. ECF No. 6. Haeker's response was due May 4, 2016. *Local Rule 7.1(d)(1)(B)* ("Responses to motions to dismiss ... must be filed within 21 days after the motion was filed"). To date, Haeker has not responded to Linder's motion.

Before recommending that Linder's motion to dismiss be granted, the Court must consider five factors: "(1) the public's interest in expeditious resolution of the litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases [on] their merits; and (5) the availability of less drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). In *Ghazali*, the Ninth Circuit affirmed a dismissal, pursuant to a district court local rule similar to Local Rule 7.1(d)(1)(B), for failure to respond to a Rule 12(b)(6) motion to dismiss. Courts reached similar results in *Lund v. Brenner*, 163 F.3d 606 (9th Cir. 1998) (table) and *Roberts v. United States*, 2002 WL 1770930 (D. Nev. 2002).

Like the authorities above, after consideration of the *Henderson*

factors, the Court concludes that dismissal of Haeker's claims against Linder is appropriate. The first factor weighs in favor of dismissal. At this juncture in the proceedings, dismissal will promote the public's interest in expeditious resolution of litigation. This is particularly true where, as here, the party bringing the action, after merely filing it, has failed to prosecute it further.

The second factor weighs in favor of dismissal. Haeker's failure to respond to Linder's motion undermines the Court's ability to expedite resolution of the action. *See Saba v. Caplan,* 2010 WL 4235473 (N.C. Cal. 2010) (motion to dismiss granted where plaintiff failed to respond). Such non-compliance with Court rules inherently delays resolution of the case and insures detriment to other litigants. This Court's ability to manage its docket is enhanced when, in the exercise of its discretion, it is permitted to summarily dispose of cases brought by a litigant who fails to respond to dispositive motions or to follow the Court's Local Rules.

The third factor weighs in favor of dismissal. Linder, as the defendant in this action, should suffer no prejudice by the dismissal of

Haeker's claims against him.

The fourth factor generally weighs against dismissal. This policy lends little support, however, to a party, such as Haeker, who is responsible for moving a case forward but whose conduct impedes progress in that direction. In *Metcalf v. Select Portfolio Servicing, Inc.*, 2011 WL 1768755 (S.D. Cal. 2011), the court noted that "[a] case cannot move toward resolution on the merits when Plaintiff fails to defend his case against a Rule 12(b)(6) and (e) motion." The Court is not required, as it would be in granting a motion for summary judgment under these circumstances, to consider the sufficiency of Linder's motion to dismiss. *See Ghazali*, 46 F.3d at 54; *see also Henry v. Gill. Ind., Inc.*, 983 F.2d 943, 949-50 (9th Cir. 1993).

Finally, as to the fifth factor, it is possible that the Court could adopt less drastic sanctions by, *sua sponte*, ordering Haeker to file a response to Linder's motion. But the Court is reluctant to do so for the following reasons.

First, the other factors weigh strongly in favor of dismissal. Second, Haeker brought this action. Although the Court must afford

*pro se* litigants' pleadings liberal construction, such litigants are nevertheless "bound by the rules of procedure" the same as other litigants. *Ghazali*, 46 F.3d at 54. By bringing this action, Haeker has assumed an affirmative responsibility to participate in the proceedings in accordance with the rules. His failure to do so imposes a strain on judicial resources and, more significantly, works unfair prejudice upon Linder, who was compelled to appear to defend himself. The Court concludes that the fifth *Henderson* factor weighs in favor of dismissal.

Thus, the Court concludes after consideration of the *Henderson* factors that Linder's motion to dismiss should be granted.

IV. <u>**Conclusion**</u>

For the foregoing reasons, **IT IS RECOMMENDED** that Linder's' motion to dismiss (*ECF No. 6*) be GRANTED without prejudice.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and

recommendation must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

DATED this 16th day of May, 2016.

/s/ Carolyn S. Ostby
United States Magistrate Judge