IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

|  |  |
|---|---|
| KURT HAEKER,<br><br>       Plaintiff,<br><br>vs.<br><br>MIKE LINDER, Yellowstone County Sheriff,<br><br>       Defendant. | CV 16-26-BLG-SPW-CSO<br><br>FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

Plaintiff Kurt Haeker ("Haeker"), appearing *pro se*, filed this action against Defendant Mike Linder ("Linder") in his capacity as Sheriff of Yellowstone County, Montana, under 42 U.S.C. § 1983. Haeker claims that Linder violated his Second Amendment right to bear arms by revoking his permit to carry concealed weapons after the filing of an order of protection ("protection order") against Haeker. *Cmplt. (ECF No. 1) at ¶ 14.* Haeker also claims that revocation of his concealed-carry permit violated his Fourteenth Amendment rights to due process and equal protection. *Id. at ¶¶ 7, 11.*

In earlier proceedings, the undersigned recommended that Linder's Rule 12(b)(6)[1] motion to dismiss be granted, without prejudice, because Haeker failed to respond to the motion. *Findings and Recommendation (ECF No. 8) at 5-8*. Haeker objected. *Resp. to Findings (ECF No. 9)*. He did not address his failure to respond to Linder's motion, but instead argued that his Complaint properly states claims for the violation of his Constitutional rights. *Id. at 1-3*.

Judge Watters rejected the undersigned's findings and recommendation concluding that the record did not reflect that Haeker had been properly served with Linder's motion. She concluded that his case, therefore, should not be dismissed for failure to prosecute. *Order (ECF No. 10) at 2-3*. Judge Watters also granted Linder leave to renew his motion. *Id. at 3*.

Now pending is Linder's renewed motion to dismiss under Rule 12(b)(6). *Mtn. to Dismiss (ECF No. 11)*. Haeker timely responded to the renewed motion. *Haeker's Resp. Br. (ECF No. 13)*. As discussed below, the Court makes the recommendations that follow.

---

[1] References to rules are to the Federal Rules of Civil Procedure unless otherwise noted.

## I. Background

Haeker's Complaint[2] alleges as follows:

On March 15, 2016, Janice Smith ("Smith") filed a protection order against Haeker in Billings Municipal Court, Billings, Montana. *ECF No. 1 at ¶ 6*. On March 20, 2016, Haeker was served with notice that Linder revoked Haeker's concealed carry permit. *Id. at ¶ 7*. Revocation of the concealed carry permit was based upon the protection order and occurred before a hearing on that order scheduled for March 29, 2016, thus depriving Haeker of the opportunity to contest the allegations leading to issuance of the protection order in violation of Haeker's due process rights. *Id*.

Haeker is a landlord in South Billings. He has a 12-year-old son who helps with maintenance. His current tenants include a convicted murderer, a convicted sex offender, and an individual with a conviction

---

[2]"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); Cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice"). For purposes of the pending motion, the Court accepts all factual allegations in the Complaint as true and construes the pleadings in the light most favorable to Haeker. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

for assault on a police officer. He also has had numerous felons rent apartments from him in the past and has had to evict a convicted felon. He occasionally has disputes with tenants, and carrying a concealed weapon is a comfort to him. Also, Smith's partner has made repeated threats to kill him. *Id. at ¶ 8.*

Haeker has passed numerous background checks, has had neither a felony nor a misdemeanor conviction in 28 years, and has no criminal history involving violence. He also has no civil judgments against him. And he does not drink alcohol or use any illegal drug. His credit score is greater than 750, has had only one marriage in 21 years, holds a degree in biology, and has a Montana Brokers License. He is an Eagle Scout, owns assets in excess of one million dollars, has employed more than 100 people, and has a successful business. *Id. at ¶ 9.*

In his Complaint, Haeker claims that Linder's revocation of his concealed carry permit violated his right to due process and equal protection under the Fourteenth Amendment (Count 1) and violated his right to possess and carry firearms under the Second Amendment (Count 2). *Id. at ¶¶ 10-14.*

## II. Summary of Parties' Arguments

Linder argues that Haeker has failed to state a claim upon which relief can be granted for two principal reasons. First, he argues, the Second Amendment does not guarantee an unlimited right to bear arms. *Linder's Br. (ECF No. 12) at 3*. He argues that the U.S. Supreme Court has noted that the majority of courts that have considered the question have concluded that "prohibitions on carrying concealed weapons were lawful under the Second Amendment or state analogues." *Id.* (*quoting District of Columbia v. Heller*, 554 U.S. 570, 626 (2008)). Thus, "[i]f an absolute ban on the concealed carrying of weapons does not implicate the Second Amendment, then the issue of the revocation of a permit allowing concealed carry will not implicate it either." *Id.* And, he argues, the Ninth Circuit Court of Appeals ruled recently that a city's rules limiting the issuance of concealed weapons permits did not infringe on the Second Amendment. *Id. at 3-4.*

Second, Linder argues that Haeker's Second Amendment right is not violated by revocation of his concealed carry permit because state law allows a person to carry their weapon openly. *Id.* Thus, Linder

argues, Haeker retains the right to carry his weapon in the open in public and thus has the right to own and bear arms. *Id.* Accordingly, there is no violation of his Second Amendment rights, and he has failed to state a claim on which relief can be granted. *Id.*

In response, Haeker argues that: (1) the Second Amendment does protect the right to carry a concealed weapon, *Haeker's Resp. Br. (ECF No. 13) at 1*; (2) the Fourteenth Amendment provides a right of procedural due process, including an opportunity to be heard at a meaningful time and in a meaningful manner, that limits the actions of all state and local officials when they attempt to abridge privileges and immunities of U.S. citizens or attempt to deprive them of life, liberty, or property, *id. at 1-3*; (3) a concealed carry permit implicates a person's liberty and property interests, whether the permit is denominated as a right or a privilege, so that revocation of such a permit cannot occur without due process, *id. at 3-4*; and (4) due process is required for revocation of similar state-issued licenses and rights, such as driving, selling alcohol, selling real estate, receiving welfare and social security benefits, or going to school, so that due process must be afforded for

revocation of a concealed carry permit, *id.* at 4-6.

In reply, Linder argues that Haeker "fails to articulate an underlying right which has been infringed[ ]" because his "complaint fails to show how the revocation of a concealed [carry] permit is a violation of a liberty or property interest." *Linder's Reply Br. (ECF No. 14) at 2.* Linder argues that Haeker "still has access to and the ability to carry firearms[ ]" but "is only limited in the manner of carrying weapons[ ]" and has not cited to any case in which a concealed carry permit revocation was adjudicated to be a liberty or property interest requiring any pre-revocation process. *Id.* And, Linder argues, Haeker "has not articulated facts which show that a concealed carry permit was essential to his livelihood." *Id.* Haeker can still act as a landlord whether he has a concealed carry permit or not, Linder argues, and he retains the option to carry firearms openly. Thus, he cannot show a right or interest protected by the Fourteenth Amendment for which he is entitled to the process he demands. *Id. at 2-3.*

III. **Legal Standard for Rule 12(b)(6) Motions**

"Dismissal under Rule 12(b)(6) is proper only when the complaint

either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)). The Court's standard of review under Rule 12(b)(6) is informed by Rule 8(a)(2), which requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009) (quoting Fed. R. Civ. P 8(a)).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plausibility determination is context specific, and courts must draw on judicial experience and common sense in evaluating a complaint. *Levitt v. Yelp! Inc.*, 2014 WL 4290615, *10 (9th Cir. 2014).

A court considering a Rule 12(b)(6) motion must accept as true the

allegations of the complaint and must construe those allegations in the light most favorable to the nonmoving party. *See, e.g., Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). "However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations." *Summit Technology, Inc. v. High-Line Medical Instruments Co., Inc.*, 922 F.Supp. 299, 304 (C.D. Cal. 1996) (*citing Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) *cert. denied*, 454 U.S. 1031 (1981)).

## IV. Discussion

### A. Count 2 – Haeker's Second Amendment Claim

Count 2 alleges that Linder violated Haeker's Second Amendment right to possess and carry firearms by revoking his concealed carry permit. The Court concludes that this claim must be dismissed.

Last month, in *Peruta v. County of San Diego*, ___ F.3d ___, 2016 WL 3194315, *5 (9th Cir., June 9, 2016) (*en banc*), the Ninth Circuit Court of Appeals, sitting *en banc*, foreclosed Haeker's argument that the Second Amendment right to keep and bear arms encompasses the

right to carry concealed firearms in public. The court, noting the "overwhelming consensus of historical sources," and discussing them in detail, held as follows:

> We therefore conclude that the Second Amendment right to keep and bear arms does not include, in any degree, the right of a member of the general public to carry concealed firearms in public.

*Id*. at *15. This controlling authority precludes Haeker's argument that the Second Amendment affords protection to those who wish to carry concealed firearms and renders Haeker's Second Amendment claim legally deficient. The claim is thus subject to dismissal.

### B. Count 1 – Haeker's Fourteenth Amendment Due Process and Equal Protection Claims

Haeker claims that Linder violated his Fourteenth Amendment right to equal protection of the law when Linder revoked his concealed carry permit without affording Haeker due process. *ECF No. 1 at ¶ 11*. The Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1.

1. **Due Process**

Here, Haeker claims no deprivation of life, but rather argues that Linder's revocation of his concealed carry permit, without due process, deprived him of property and liberty. *ECF No. 13 at 3-5*. As noted, Linder argues that Haeker has failed "to show how the revocation of a concealed [carry] permit is a violation of a liberty or property interest." *ECF No. 14 at 2-3*. The Court agrees.

A. **Property Interest**

"Any significant taking of property by the State is within the purview of the Due Process Clause." *Lavan v. City of Los Angeles*, 693 F.3d 1022, 1031 (9th Cir. 2012) (*quoting Fuentes v. Shevin*, 407 U.S. 67, 86 (1972)). Application of the Due Process Clause requires a court to engage in a two-stage analysis. A court "must first ask whether the asserted individual interests are encompassed within the Fourteenth Amendment's protection of 'life, liberty or property'; if protected interests are implicated, [the court] then must decide what procedures constitute 'due process of law.'" *Id*. (*quoting Ingraham v. Wright*, 430 U.S. 651, 672 (1977)). But "[p]roperty interests protected by the Due

Process Clause of the Fourteenth Amendment do not arise whenever a person has only 'an abstract need or desire for,' or 'unilateral expectation of,' a benefit." *Erdelyi v. O'Brien*, 680 F.2d 61, 63 (9th Cir. 1982) (*quoting Board of Regents v. Roth*, 408 U.S. 564, 577 (1972)). "Rather, they arise from legitimate claim(s) of entitlement ... defined by existing rules or understandings that stem from an independent source such as state law." *Id.* (citations and internal quotation marks omitted).

In determining whether Haeker has a legitimate claim of entitlement to a concealed-carry permit sufficient to establish a property interest protected by the Due Process Clause, the Court turns to state law. Under Montana law, it is generally illegal for a person to carry a concealed weapon. MCA § 45-8-316. But there are numerous exceptions, including one for "a person issued a permit under [MCA §] 45-8-321[.]" MCA § 45-8-317(g).

In light of MCA § 45-8-321(1), Montana is a so-called "'shall-issue' state in that it requires the local sheriff to issue a concealed weapons permit when an applicant qualifies under the statute." *Van Der Hule v.*

*Holder*, 759 F.3d 1043, 1047 (9th Cir. 2014). Specifically, the statute provides that "[a] county sheriff <u>shall</u>, within 60 days after the filing of an application, issue a permit to carry a concealed weapon to the applicant[,]" if the applicant meets certain basic requirements, including that the applicant is U.S. citizen, is a Montana resident, and has attained age 18 or older, and is not rendered ineligible under any of the statute's other provisions. MCA § 45-8-321(1)(a)-(g) (emphasis added).

But, the Montana Supreme Court in *Smith v. County of Missoula*, noted that the statute's next subsection, MCA § 45-8-321(2), "grants the sheriff discretion to deny an application for a concealed weapon permit when the sheriff has reasonable cause to believe the applicant has a mental disability or illness; or the applicant may be a threat to the peace and good order of the community." 992 P.2d 834, 838 (Mont. 1999). Because a sheriff has discretion under the statute to deny an application for a concealed-carry permit, the supreme court in *Smith* concluded that the sheriff had no legal duty to issue the applicant a concealed-carry permit. *Id.* at 840.

The case at hand involves Linder's revocation of an already-issued concealed-carry permit. MCA § 45-8-323 gives Linder discretion to revoke a concealed-carry permit "if circumstances arise that would require the sheriff to refuse to grant the permittee an original license." Thus, Linder had discretion under MCA § 45-8-323 to revoke Haeker's concealed-carry permit if Linder had "reasonable cause to believe [that Haeker] . . . may be a threat to the peace and good order of the community to the extent that [he] should not be allowed to carry a concealed weapon." MCA § 45-8-321(2).

Under the foregoing authority, and in light of Linder's statutory authority to exercise discretion in revoking a concealed-carry permit, the Court concludes that Haeker did not have a legitimate claim of entitlement to a concealed-carry permit under Montana law sufficient to establish a property interest protected by the Due Process Clause. As the above discussion demonstrates, Linder needed only "reasonable cause to believe" that Haeker "may be a threat to the peace and good order of the community" such that Haeker should not be permitted to carry a concealed weapon for Linder to revoke Haeker's permit to do so.

This is not a heavy burden for a sheriff to bear. "Where state law gives the issuing authority broad discretion to grant or deny license applications in a closely regulated field, . . . applicants do not have a property right in such licenses protected by the Fourteenth Amendment." *Erdelyi*, 680 F.2d at 63 (applying California law). The broad discretion that Montana's Legislature has bestowed upon Montana sheriffs under the foregoing statutory scheme to revoke concealed-carry permits is inconsistent with a concealed-carry permit holder's claim of entitlement to a property interest protected by the Fourteenth Amendment's Due Process Clause.

### B. Liberty Interest

"Although liberty is a broad and majestic term, it is not all-inclusive." *Erdelyi*, 680 F.2d at 63 (citation and internal quotation marks omitted). Liberty does include, however, "the right to be free from actions which impose a stigma or other disability that forecloses one's freedom to take advantage of other employment opportunities." *Id*. (citations and internal quotation marks omitted; alterations in cited source).

Here, Haeker has neither alleged in his Complaint nor argued in response to Linder's motion that he has suffered a stigma or other disability that has interfered with or prevented an employment opportunity. Rather, he only has argued that he believes it is necessary to carry a concealed firearm, as opposed to an openly-carried firearm, in his occupation as a landlord because his tenants include and have included individuals who have been convicted of serious crimes. *See ECF No. 1 at ¶ 8; ECF No. 9 at 2* ("Shall I . . . go over [to confront a tenant who moved her convicted felon boyfriend in without permission and who is behind on rent] and open carry only to aggravate the situation or get in a heated argument, with a violent nutcase without any means of protection?").

Under Ninth Circuit authority, this argument is not sufficient to establish a liberty interest that warrants Fourteenth Amendment Due Process Clause protection. In *Erdelyi*, the Ninth Circuit addressed whether a police chief in California violated the due process right of an employee of a licensed private investigator when he denied her application for a license to carry a concealed weapon. 680 F.2d at 62.

The court concluded that plaintiff did not have a liberty interest in obtaining a concealed weapons license for two reasons:

> First, it is undisputed that many people engage in the occupations of private investigator and criminal defense investigator without a concealed weapons license. Although Erdelyi might not be able to pursue her profession in precisely the way she would like, she has not been entirely, or even substantially, excluded. Second, no stigma attached to the denial of her application. Therefore, Erdelyi did not have a liberty interest in obtaining a concealed weapons license.

*Id*. at 63-64.

The same can be said in this case. Haeker has neither alleged nor shown that he or any other landlord is precluded from engaging in their occupation unless they have a concealed-carry permit. It may be true that Haeker would prefer to carry a concealed weapon rather than carry a weapon openly when performing his landlord duties, but he has no constitutional right to pursue his occupation in exactly the way he would like. *Id*. And, he has not alleged or argued that a stigma has attached to the revocation of his concealed-carry permit nor could he as Linder expressly notes that Haeker may carry a firearm openly. *See ECF No. 14 at 3*. Thus, Haeker does not have a liberty interest in

retaining his concealed-carry permit.

For all of the foregoing reasons, Haeker's due process claim fails and should be dismissed.

### 2. Equal Protection

Haeker also claims that Linder denied him equal protection of the laws by revoking his concealed carry permit. *ECF No. 1 at ¶ 11*. But he has failed to allege sufficient facts to support such a claim.

As noted, the Fourteenth Amendment's Equal Protection Clause states that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const., amend. XIV, § 1. The clause "is essentially a direction that all persons similarly situated should be treated alike." *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001) (citations omitted). "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Id.* (*quoting Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), *cert. denied*, 525 U.S. 1154 (1999)).

Here, Haeker has wholly failed to allege sufficient facts that would give rise to a cognizable equal protection claim. He states only that revocation of his concealed-carry permit "without due process violates [his] Fourteenth Amendment right to equal protection of the law[.]" *ECF No. 1 at ¶ 11*. This is insufficient and, under United States Supreme Court precedent, the lack of factual support for this claim is fatal to his claim. *See Iqbal*, 556 U.S. at 678; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also Teixeira v. County of Alameda,* 822 F.3d 1047, 1052-53 (9th Cir. 2016). Haeker's equal protection claim, as currently pled, must be dismissed under Rule 12(b)(6). But, in light of his *pro se* status, the Court should afford Haeker leave to amend his claim to state facts sufficient to support a cognizable legal theory.

V. **Conclusion**

For the foregoing reasons, **IT IS RECOMMENDED** that Linder's motion to dismiss (*ECF No. 11*) be GRANTED, as follows: (1) Haeker's claims under the Second Amendment (Count 2) and the Fourteenth Amendment's Due Process Clause (Count 1) should be dismissed with

prejudice; and (2) Haeker's claim under the Fourteenth Amendment's Equal Protection Clause should be dismissed, but Haeker should be afforded leave to amend this claim to state facts sufficient to support a cognizable legal theory, as discussed herein.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendation must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

DATED this 22nd day of July, 2016.

/s/ Carolyn S. Ostby
United States Magistrate Judge